The Honorable Lauren King

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SONJA CORICH, | ) |
| *Plaintiff*, | ) CASE NO. 2:23-cv-01847 |
| v. | ) **JOINT STATUS REPORT AND** |
| C.R. BARD, INC., | ) **DISCOVERY PLAN** |
| *Defendant*. | ) |

Sonja Corich ("Plaintiff") and C. R. Bard, Inc. ("Bard" or "Defendant") (collectively, the "Parties"), by their undersigned counsel, respectfully submit this Joint Status Report and Discovery Plan, pursuant to Fed. R. Civ. P. 26(f), Local Civil Rule 26(f), and this Court's Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement [Dkt. No. 8].

1. **A statement of the nature and complexity of the case.**

This is a complex products liability case in which Plaintiff alleges injuries and damages in connection with the implantation of a pelvic mesh product, the Align TO Urethral Support System ("Align"), designed, manufactured, marketed, and sold by Defendant Bard at all times relevant herein. Plaintiff asserts she was implanted with the Align on January 28, 2013, after Plaintiff presented to a physician at Washington Urology Surgery Center in Bellevue, Washington with stress urinary incontinence. Plaintiff alleges the following causes of action under the Washington Products Liability Act

JOINT STATUS REPORT AND
DISCOVERY PLAN
Case No. 2:23-cv-01847

Corr Cronin LLP
1015 Second Avenue
Seattle, WA 98104

1

("WPLA"): negligence – design defect, negligence – failure to warn, strict liability – failure to warn, strict liability – defective design, and punitive (exemplary) damages.

Bard denies all allegations and maintains that the Align at issue is free from defects. Bard denies it is liable for any of Plaintiff's alleged injuries or damages, or that the Align caused or contributed to any of Plaintiff's alleged injuries or damages. Bard further denies Plaintiff's WPLA claims entitle her to punitive or exemplary damages.

**2.   A proposed deadline for joining additional parties.**

The Parties propose August 2, 2024 as the deadline to join additional parties.

**3.   The parties have the right to consent to assignment of this case to a full time United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c) and Local Rule MJR 13 to conduct all proceedings. The Western District of Washington assigns a wide range of cases to Magistrate Judges. The Magistrate Judges of this district thus have significant experience in all types of civil matters filed in our court. Additional information about our district's Magistrate Judges can be found at www.wawd.uscourts.gov. The parties should indicate whether they agree that the Honorable <u>Michelle L. Peterson</u> may conduct all proceedings including trial and the entry of judgment. When responding to this question, the parties should only respond "yes" or "no." Individual party responses should not be provided. A "yes" response should be indicated only if all parties consent. Otherwise, a "no" response should be provided. The Parties should indicate whether they agree that the Honorable Michelle L. Peterson may conduct all proceedings including trial and the entry of judgment.**

No.

**4.   A discovery plan that states, by corresponding paragraph letters (A, B, etc.) the parties' views and proposals on all items set forth in FRCP 26(f)(3), which includes the following topics:**

JOINT STATUS REPORT AND  
DISCOVERY PLAN  
Case No. 2:23-cv-01847

Corr Cronin LLP  
1015 Second Avenue  
Seattle, WA 98104

2

      **a.**    **Initial Disclosures;**

The Parties exchanged Rule 26(a) initial disclosures on March 29, 2024 in compliance with this Court's Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement [D.E. 8]. The Parties agree no changes are required as to the timing, form, or requirement for disclosures under this rule.

      **b.**    **Subjects, timing, and potential phasing of discovery;**

The Parties agree to work cooperatively to minimize any unnecessary duplication of discovery in this action as this case is generally similar to other cases that have been filed against Bard and other pelvic mesh manufacturers in *In Re C. R. Bard, Inc., Pelvic Repair System Products Liability Litigation*, MDL No. 2187 (the "Bard MDL" or "MDL"), before the Honorable Joseph R. Goodwin in the Southern District of West Virginia. Over time, there have been more than 15,000 cases included in the Bard MDL, which allege similar defects and damages to those at issue in this case.

The Parties agree that additional written general discovery of Bard or additional depositions of Bard are not necessary above and beyond the voluminous discovery that has already taken place in the MDL. Only case specific discovery, including but not limited to medical records collection and depositions of Plaintiff, Plaintiff's family, Plaintiff's medical providers, and other fact witnesses, remain to be completed. The Parties agree that any additional case-specific written discovery such as Interrogatories, Requests for Admission, or Requests for Production will be limited and targeted to the specific facts of this case. Should the need for additional general discovery arise, the Parties will confer and cooperate in good faith to resolve any such disputes before bringing the matter to the Court.

Moreover, to facilitate efficient collection of relevant case specific discovery and records, Bard has suggested, and Plaintiff has agreed, to exchange Plaintiff and Defendant Fact Sheets in the form substantially similar to those approved in the Bard MDL. The Parties agree to not send discovery that is duplicative of the Plaintiff and Defendant Fact Sheets. Plaintiff has also agreed to provide Bard with completed, signed and undated authorizations for the release of medical, Medicare, and Medicaid records, in the form substantially similar to authorizations used in the Bard MDL and reasonably limited in time

|  |  |
|---|---|
| JOINT STATUS REPORT AND DISCOVERY PLAN<br>Case No. 2:23-cv-01847 | Corr Cronin LLP<br>1015 Second Avenue<br>Seattle, WA 98104 |

and scope. The records will be collected by a third-party record collection vendor and copies made available to both Parties.

The Parties anticipate discovery can be completed by March 31, 2025.

c.   **Electronically stored information;**

The Parties acknowledge that extensive ESI discovery has already been completed in the Bard MDL regarding Bard's pelvic mesh devices, including the Align device at issue here. To summarize the extensive document production, to date, Bard has applied more than 2,000 search terms against its collected data and has responded to at least 12 different sets of document requests. Bard has produced close to 11 million pages of discovery from more than 110 Bard custodians in the Bard MDL including the 510k submissions to the FDA, Design History File, Device Master Record, Instructions for Use, biocompatibility testing, marketing and training materials, and adverse event data, as well as other documents. Moreover, nearly 50 Bard corporate witnesses have been deposed, many for multiple days, including 30(b)(6) depositions. Such discovery materials are maintained in MDL Counsel's platform Crivella West, and are accessible to Plaintiff's counsel. The Parties agree not to duplicate electronic discovery efforts already undertaken in the MDL. The Parties do not anticipate any issues regarding disclosure, discovery, or preservation of ESI, including the forms in which it should be produced.

d.   **Privilege issues;**

The Parties do not anticipate any issues regarding claims of privilege or protection at this time. The Parties agree that each party may withhold privileged information so long as a privilege log containing adequate information to assess what is being withheld is provided contemporaneously with notice of such a withholding, which should be made in a responsive document to written discovery requests (in the case of privileged information being withheld in response to mandatory disclosures, the parties agree that such a withholding party should serve a notice of withholding and privilege log on the other party). The document productions in the Bard MDL the Parties intend to utilize here were previously produced pursuant to the terms of a protective order entered by the MDL court preventing their disclosure. The Parties agree to be bound by this order, which governs inadvertent disclosure and waiver, and request that

JOINT STATUS REPORT AND
DISCOVERY PLAN
Case No. 2:23-cv-01847

Corr Cronin LLP
1015 Second Avenue
Seattle, WA 98104

4

the Court adopt the June 7, 2011 Pretrial Order #7 (Stipulated Protective Order), MDL Dkt. 54, attached hereto as **Exhibit A**.

      e.    **Proposed limitations on discovery; and**

The Parties agree, given the extensive discovery that has taken place in the Bard MDL, discovery in this case should be limited to case-specific discovery only. Should the need for additional general discovery arise, the Parties agree to both (1) meet and confer in good faith and (2) seek leave from the Court before serving any additional general discovery. The Parties otherwise do not request additional limitations on discovery other than those set forth in the rules.

      f.    **The need for any discovery related orders.**

At this time, the Parties request the Court adopt the June 7, 2011 Pretrial Order #7 (Stipulated Protective Order), MDL Dkt. 54, attached hereto as **Exhibit A**, and the June 7, 2011 Pretrial Order #11 (Stipulation for the Production of Documents and Electronically Stored Information Protocols), MDL Dkt. 58, attached hereto as **Exhibit B**. The Parties may also request the Court issue a Stipulated Pathology Evidence Preservation Protocol, but that Protocol is not yet finalized between the parties.

5.    **The parties' views, proposals, and agreements, by corresponding paragraph letters (A, B, etc.), on all items set forth in Local Civil Rule 26(f)(1), which includes the following topics:**

      a.    **Prompt case resolution;**

The Parties are currently discussing possibilities for early settlement but believe it is premature to resolve this matter at this time. The Parties are open to exploring mediation at an appropriate time. Should an opportunity exist prior to mediation to explore settlement informally, the Parties agree to discuss the possibilities for settlement.

      b.    **Alternative dispute resolution;**

The Parties are open to exploring mediation at an appropriate time, after additional discovery has occurred to give the Parties have a better idea of the facts supporting the claims asserted in this case.

      c.    **Related cases;**

JOINT STATUS REPORT AND
DISCOVERY PLAN
Case No. 2:23-cv-01847

Corr Cronin LLP
1015 Second Avenue
Seattle, WA 98104

5

There are no related cases pending before this Court. However, this case is generally similar to other cases that were filed in the Bard MDL. Over time, there have been more than 15,000 cases included in the Bard MDL, which alleged similar defects and damages to those at issue in this case. On June 21, 2018, Judge Goodwin entered an order precluding future plaintiffs from filing claims in the MDL. As noted above, the Parties propose utilizing the general discovery undertaken in the MDL to avoid duplication of efforts and promote the prompt and efficient disposition of this case.

        **d.**        **Discovery management;**

To promote the expeditious and inexpensive resolution of this case, the Parties agree only case-specific discovery will be conducted. The Parties have agreed that additional written general discovery of Bard or additional depositions of Bard are not necessary above and beyond the voluminous discovery that has already taken place in the Bard MDL and have included provisions in this Status Report should the need for additional general discovery arise (*see supra* at Section 4(e)). Additionally, the discovery materials from the Bard MDL, including but not limited to corporate depositions and ESI, have been made available to Plaintiff's counsel via MDL Counsel's platform Crivella West. Additionally, to facilitate efficient collection of relevant case specific discovery and records, the Parties have agreed to exchange Plaintiff and Defendant Fact Sheets in the form substantially similar to those approved in the Bard MDL. The Parties agree to not send discovery that is duplicative of the Plaintiff and Defendant Fact Sheets. Plaintiff has also agreed to provide Bard with completed, signed and undated authorizations for the release of medical, Medicare, and Medicaid records, in the form substantially similar to authorizations used in the Bard MDL and reasonably limited in time and scope. The records will be collected by a third-party record collection vendor and copies made available to both Parties. The Parties are amenable to (1) scheduling case management conferences to address discovery or other issues as necessary; (2) presenting discovery disputes to the Court by informal means; and (3) requesting the assistance of a magistrate judge for settlement conferences. The Parties agree that if one party seeks to use an abbreviated pretrial order, the requesting party shall first meet and confer with the other party to see if there is an agreement. The

JOINT STATUS REPORT AND
DISCOVERY PLAN
Case No. 2:23-cv-01847

Corr Cronin LLP
1015 Second Avenue
Seattle, WA 98104

6

Parties further agree that if any party seeks a Court order pursuant to Local Rule 16(b) or (c), the Parties will first meet and confer.

    e.  **Anticipated discovery sought;**

Bard anticipates it will seek discovery of issues relating to Plaintiff's medical treatment before, during, and after the implantation of the Align. This will include the collection of medical records and depositions of Plaintiff and Plaintiff's family, treating medical providers, and other fact witnesses. Bard further anticipates, to the extent Plaintiff discloses expert witnesses, the need for expert discovery, including depositions of all expert witnesses.

Plaintiff anticipates seeking discovery of issues relating to her implantation with the Align. This will include the collection of medical records and depositions of Plaintiff and Plaintiff's family, treating medical providers, and other fact witnesses. Plaintiff also anticipates seeking discovery of issues related specifically to the Align device implanted in Plaintiff, including its manufacture, marketing, and sale, such as which labeling accompanied the subject Align device, any representations or omissions that were made to Plaintiff's implanting physician, and any relevant marketing materials that were provided to or viewed by Plaintiff's implanting physician. Plaintiff will seek depositions of any Bard sales representatives involved in the marketing or promotion of Bard devices to Plaintiff's implanting physicians. Plaintiff also reserves the right to seek the testimony of a Bard corporate representative for testimony specific to the Align device implanted in Plaintiff or to Plaintiff's implanting physician. Although Plaintiff does not anticipate sending this discovery without obtaining leave of Court, Plaintiff may also request a supplement of records for any responsive documents produced in the MDL which have not been supplemented since fact discovery concluded in the MDL. Plaintiff also further anticipates, to the extent Bard discloses expert witnesses, the need for expert discovery, including depositions of all expert witnesses.

    f.  **Phasing motions;**

The Parties do not anticipate the need for phasing motions in this case.

JOINT STATUS REPORT AND
DISCOVERY PLAN
Case No. 2:23-cv-01847

Corr Cronin LLP
1015 Second Avenue
Seattle, WA 98104

7

      **g.**      **Preservation of discoverable information;**

Bard requests Plaintiff preserve any explanted pathology relating to her December 3, 2020 transvaginal sling revision procedure with Dr. Jessica Hamner and any other revision or explant procedure Plaintiff has undergone related to the Align or any other pelvic mesh product. Plaintiff will preserve any explanted pathology in her control or possession. The Parties are currently negotiating a mutually agreeable Stipulated Pathology Evidence Preservation Protocol and will submit a proposed order to the Court once they reach an agreement.

      **h.**      **Privilege issues;**

The Parties agree to abide by the procedures set forth in section 4(d) above and in the MDL Court's June 7, 2011 Pretrial Order #7 (Stipulated Protective Order), MDL Dkt. 54, attached hereto as **Exhibit A**.

      **i.**      **Model protocol for Discovery of ESI; and**

Given the extensive ESI discovery previously conducted in the Bard MDL, the Parties do not anticipate the present case will involve a significant amount of additional ESI discovery. Because the majority of the ESI discovery has been completed in the Bard MDL, the Parties submit that the Model ESI Agreement is inapplicable to this case.

      **j.**      **Alternatives to Model Protocol.**

The Parties agree that neither party intends to engage in the discovery of ESI. Although Plaintiff does not anticipate seeking discovery of ESI without obtaining leave of Court, Plaintiff may also request a supplement of records for any responsive documents produced in the MDL which have not been supplemented since fact discovery concluded in the MDL.

**6.**      **For patent cases only: The case name, case number, and court or other tribunal for any pending or prior action challenging the patent(s) at issue in the case.**

Inapplicable.

**7.**      **The date by which discovery can be completed.**

The Parties anticipate fact discovery can be completed by March 31, 2025. The Parties anticipate expert discovery can be completed three months after fact discovery is completed.

JOINT STATUS REPORT AND
DISCOVERY PLAN
Case No. 2:23-cv-01847

Corr Cronin LLP
1015 Second Avenue
Seattle, WA 98104

8

8. **Whether the case should be bifurcated; e.g., by trying the liability issues before the damages issues; or bifurcated in any other way.**

The Parties agree the case should not be bifurcated.

9. **Whether the pretrial statements and pretrial order called for by Local Civil Rules 16(e), (h), (i), and (k), and 16.1 should be dispensed with in whole or in part for the sake of economy.**

The Parties agree to comply with the pretrial statements and pretrial order called for by Local Civil Rules 16(e), (h), (i), (k), and 16.1.

10. **Whether the parties intend to utilize the Individualized Trial Program set forth in Local Civil Rule 39.2 or any ADR options set forth in Local Civil Rule 39.1.**

At this time, the Parties do not intend to utilize the Individualized Trial Program set forth in Local Civil Rule 39.2 or any ADR options set forth in Local Civil Rule 39.1. The Parties believe it is premature to resolve this matter at this time. The Parties are open to exploring mediation at an appropriate time. Should an opportunity exist prior to mediation to explore settlement informally, the parties agree to discuss the possibilities for settlement.

11. **Any other suggestions for shortening or simplifying the case.**

As noted above, the Parties have agreed to work cooperatively to simplify the discovery needs in this case. The Parties have agreed that additional written general discovery of Bard or additional depositions of Bard are not necessary above and beyond the voluminous discovery that has already taken place in the Bard MDL and have included provisions in this Status Report should the need for additional general discovery arise (*see supra* at Section 4(e)). Additionally, to facilitate efficient collection of relevant case specific discovery and records, the Parties have agreed to exchange Plaintiff and Defendant Fact Sheets in the form substantially similar to those approved in the Bard MDL. The Parties agree to not send discovery that is duplicative of the Plaintiff and Defendant Fact Sheets. Plaintiff has also agreed to provide Bard with completed, signed and undated authorizations for the release of medical, Medicare, and Medicaid records, in the form substantially similar to authorizations used in the Bard MDL and reasonably

JOINT STATUS REPORT AND
DISCOVERY PLAN
Case No. 2:23-cv-01847

Corr Cronin LLP
1015 Second Avenue
Seattle, WA 98104

9

limited in time and scope. The records will be collected by a third-party record collection vendor and copies made available to both Parties.

**12.     The date the case will be ready for trial. The Court expects that most civil cases will be ready for trial within a year after filing the Joint Status Report and Discovery Plan.**

The Parties anticipate the case will be ready for trial by July 1, 2025.

**13.     Whether the trial will be jury or non-jury.**

The Parties agree the trial will be jury.

**14.     The number of trial days required.**

The Parties agree and anticipate trial in this case will take no more than four weeks (20 trial days), inclusive of voir dire and jury deliberations.

**15.     The names, addresses, and telephone numbers of all trial counsel.**

**Counsel for Plaintiff**

Jeremy M. Jessup
**DOLAN LAW FIRM, P.C**.
1438 Market Street
San Francisco, CA 94102
Telephone: (415) 421-2800
Facsimile: (415) 421-2830
jeremy.jessup@dolanlawfirm.com

Ben Martin (*pro hac vice to be filed*)
Caio Formenti (*pro hac vice to be filed*)
**BEN MARTIN LAW GROUP, LLC**
3141 Hood Street, Level 6
Dallas, TX 75219
Telephone: (214) 761-6614
Facsimile: (214) 744-7590
bmartin@bencmartin.com
cformenti@bencmartin.com

**Counsel for Defendant**

Lori G. Cohen (admitted *pro hac vice*)
R. Clifton Merrell (admitted *pro hac vice*)
Marcella C. Ducca (*pro hac vice* forthcoming)
**GREENBERG TRAURIG, LLP**
Terminus 200
3333 Piedmont Road, N.E., Suite 2500
Atlanta, GA 30305
Telephone: (678) 553-2100
Facsimile: (678) 553-2212
cohenl@gtlaw.com
merrellc@gtlaw.com

Kevin C. Baumgardner
**CORR CRONIN LLP**
1015 Second Avenue, 10th Floor
Seattle, WA 98104
Telephone: (206) 621-1480
kbaumgardner@corrcronin.com

JOINT STATUS REPORT AND
DISCOVERY PLAN
Case No. 2:23-cv-01847

Corr Cronin LLP
1015 Second Avenue
Seattle, WA 98104

10

**16.** **The dates on which the trial counsel may have complications to be considered in setting a trial date.**

Bard's trial counsel does not have any complications to be considered in setting a 2025 trial date.

**17.** **If on the due date of the Report, all defendant(s) or respondents(s) have not been served, counsel for the plaintiff shall advise the Court when service will be effected, why it was not made earlier, and shall provide a proposed schedule for the required FRCP 26(f) conference and FRCP 26(a) initial disclosures.**

All defendants have been served.

**18.** **Whether any party wishes a scheduling conference before the Court enters a scheduling order in the case.**

Bard does not request a scheduling conference before the Court enters a scheduling order in this case. However, Bard requests Defendant's Rule 26(a)(2) expert disclosures are due thirty days after Plaintiff's Rule 26(a)(2) expert disclosures are due. Plaintiff does not request a scheduling conference before the Court enters a scheduling order in this case.

**19.** **List the date(s) that each and every nongovernmental corporate party filed its disclosure statement pursuant to FRCP 7.1 and Local Civil Rule 7.1.**

Pursuant to Fed. R. Civ. P. 7.1 and Local Civil Rule 7.1, Bard filed its Corporate Disclosure Statement on February 16, 2024 [D.E.7].

**20.** **A certification that all counsel and any pro se parties have reviewed Judge King's chambers procedures, the Local Rules, and the applicable Electronic Filing Procedures.**

Bard's counsel certifies it has reviewed Judge King's chambers procedures, the Local Rules, and the applicable Electronic Filing Procedures.

Plaintiff's counsel certifies they have reviewed Judge King's chambers procedures, the Local Rules, and the applicable Electronic Filing Procedures.

JOINT STATUS REPORT AND
DISCOVERY PLAN
Case No. 2:23-cv-01847

Corr Cronin LLP
1015 Second Avenue
Seattle, WA 98104

11

**21.    A certification that all counsel and any pro se parties have reviewed and complied with Judge King's Standing Order Regarding 28 U.S.C. § 455(b)(2) and Canon 3(C)(1)(b) of the Code of Conduct for United States Judges.**

Plaintiff's counsel and Bard's counsel certifies that they have reviewed and complied with Judge King's Standing Order Regarding 28 U.S.C. § 455(b)(2) and Canon 3(C)(1)(b) of the Code of Conduct for United States Judges.

DATED this 12th day of April, 2024.

Respectfully submitted,

| | |
|---|---|
| By: /s/ Jeremy M. Jessup<br>Jeremy M. Jessup<br>**DOLAN LAW FIRM, P.C.**<br>1438 Market Street<br>San Francisco, CA 94102<br>Telephone: (415) 421-2800<br>Facsimile: (415) 421-2830<br>jeremy.jessup@dolanlawfirm.com<br><br>Caio Formenti (*pro hac vice to be filed*)<br>**BEN MARTIN LAW GROUP, LLC**<br>3141 Hood Street, Level 6<br>Dallas, TX 75219<br>Telephone: (214) 761-6614<br>Facsimile: (214) 744-7590<br>cformenti@bencmartin.com<br><br>*Attorneys for Plaintiff Sonja Corich* | By: /s/ Kevin C. Baumgardner<br>Kevin C. Baumgardner<br>**CORR CRONIN LLP**<br>1015 Second Avenue, 10th Floor<br>Seattle, WA 98104<br>Telephone: (206) 621-1480<br>kbaumgardner@corrcronin.com<br><br>Lori G. Cohen (admitted *pro hac vice*)<br>R. Clifton Merrell (admitted *pro hac vice*)<br>**GREENBERG TRAURIG, LLP**<br>Terminus 200<br>3333 Piedmont Road, N.E., Suite 2500<br>Atlanta, Georgia 30305<br>Telephone: (678) 553-2100<br>Facsimile: (678) 553-2212<br>cohenl@gtlaw.com<br>merrellc@gtlaw.com<br><br>Joseph P. Griffith (admitted *pro hac vice*)<br>**GREENBERG TRAURIG, LLP**<br>2200 Ross Avenue, Suite 5200<br>Dallas, TX 75201<br>Telephone: (214) 655-3600<br>Facsimile: (214) 655-3601<br>griffithj@gtlaw.com<br><br>*Attorneys for Defendant C. R. Bard, Inc.* |

JOINT STATUS REPORT AND
DISCOVERY PLAN
Case No. 2:23-cv-01847

Corr Cronin LLP
1015 Second Avenue
Seattle, WA 98104

12

**CERTIFICATE OF SERVICE**

I hereby certify that on April 12, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel on record.

*/s/ Kevin C. Baumgardner*
Kevin C. Baumgardner

JOINT STATUS REPORT AND
DISCOVERY PLAN
Case No. 2:23-cv-01847

Corr Cronin LLP
1015 Second Avenue
Seattle, WA 98104

13